IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 3:24-CV- |
| v. | |
| Assorted Jewelry, VL: $19,975.00; and Men's Rolex Oyster Perpetual DateJust Stainless Watch, | |
| Defendant *in Rem*. | |

## **VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America alleges this *in rem* complaint for forfeiture against Assorted Jewelry, VL: $19,975.00; and Men's Rolex Oyster Perpetual DateJust Stainless Watch ("Defendant Property"):

## **NATURE OF THE ACTION**

1.      This is a forfeiture action under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C). The United States seeks the forfeiture of the Defendant Property under 21 U.S.C. § 881(a)(6) because it is "other things of value" furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846. The Defendant Property also is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) because it is property that constitutes or is derived from

proceeds traceable to a violation of 18 U.S.C. § 1952, a specified unlawful activity as defined in 18 U.S.C. §§ 1957(c)(7) and 1961(1).

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355(a), and *in rem* jurisdiction is proper under 28 U.S.C. § 1355(b).

3.     Venue in this Court is proper under 28 U.S.C. §§ 1355(b)(1)(A) and 1391(b) because acts or omissions giving rise to the forfeiture occurred in the Northern District of Texas, and a substantial part of the events giving rise to the forfeiture occurred in the Northern District of Texas.

## PARTIES

4.     The Plaintiff is the United States of America.

5.     The Defendant Property is Assorted Jewelry, VL: $19,975.00; and Men's Rolex Oyster Perpetual DateJust Stainless Watch. The Defendant Property was seized from Kevin Lamont Ealy, Jr. ("Ealy") in Dallas, Texas, on July 6, 2023. The Defendant Property was then transferred to the custody of the United States Marshals Service, where it currently is stored in Pflugerville, Texas.

6.     Valeria Gallegos, the girlfriend/fiancée of Ealy, filed a claim to the Defendant Property in the Drug Enforcement Administration's administrative forfeiture proceeding against the Defendant Property on August 14, 2024.

## FACTS

7.     The primary responsibility of the Drug Enforcement Administration's ("DEA") Dallas/Fort Worth Airport Interdiction Group is to investigate the use of the

DFW Airport and the airlines that service the airport to perpetrate or facilitate drug trafficking crimes, including the transportation of illegal narcotics and the proceeds of such narcotics.

8.     Investigators, special agents, and task force officers with DEA are specially trained and learn by experience how to identify, investigate, and prevent criminal activity.

9.     On three separate occasions within a fourteen-month period, Ealy had cash seized from him by DEA and HSI while Ealy was at DFW Airport in August 2021, July 2022, and October 2022.

10.     These three cash seizures at DFW Airport occurred because the cash was Ealy's drug proceeds.

11.     The U.S. Attorney's Office for the Northern District of Texas filed judicial forfeiture cases against the three cash seizures, and default judgments against Ealy were entered in each case (3:22-cv-65, 3:22-cv-2836, and 3:23-cv-456).

12.     After the third cash seizure, the DEA opened a criminal investigation concerning Ealy in early 2023 because he appeared to be traveling from Texas to California to purchase and ship marijuana back to Texas to sell.

13.     Ealy had engaged in a continued course of illegal, for-profit business activity involving frequent interstate travel via commercial airlines from the Dallas area to Los Angeles, California, to purchase marijuana and either transport or ship it back to Texas to sell.

14.    In 2020, Ealy traveled more than 40 times via a commercial airline from the DFW Airport to the Los Angeles International Airport ("LAX"), including 22 same-day trips.  In 2021 and 2022, Ealy traveled at least 35 times via a commercial airline from DFW to other states, including 18 times from DFW to LAX. On many of these trips, Ealy flew from DFW to California solely to locate and acquire marijuana, regularly carrying large amounts of cash with him, intending to use it to purchase marijuana in California and help him transport it back to the Dallas area.

15.    Ealy routinely mailed marijuana he purchased in California back to the Dallas area using the U.S. mail and private shipping companies.

16.    Ealy used the moniker/persona "Space Jefe" not only to promote his musical career but also to promote and facilitate his illegal distribution of marijuana.

17.    Ealy/Space Jefe posted his music videos online on YouTube. In several of his videos, Ealy is seen holding and displaying large amounts of currency, holding semi-automatic pistols or rifles and pointing them at the camera lens, and smoking what appears to be marijuana. Ealy's videos show him holding large amounts of marijuana and codeine-infused cough syrup. And one music video shows him at the airport. In his music video, Ealy brags about flying from Texas to buy marijuana and bring it back.

18.    Screenshots from some of Ealy's music videos are depicted here:









*Like That*, https://www.youtube.com/watch?v=IZEo92fwrdQ









*Wasted*, https://www.youtube.com/watch?v=tfFyNhy8Iso



*Raccs in 2*, https://www.youtube.com/watch?v=-H-tf26bepw



*Start to Finish*, https://www.youtube.com/watch?v=hm30s_xyHeY

19.     After law enforcement were able to confirm that Ealy travels from Texas to buy marijuana in other states, Ealy was arrested in January 2023 in Garvin County, Oklahoma, and charged with possession of drug proceeds. Ealy was carrying approximately $28,000.00 in cash to purchase multiple pounds of marijuana in Oklahoma to then bring back to Dallas to sell illegally.

20.     On July 6, 2023, Ealy was arrested by the United States Marshals Service on a fugitive warrant at Ealy's home on Rotan Lane in Dallas, Texas.

21.     DEA officers were notified of Ealy's arrest and came to Ealy's home.

22.     A federal search and seizure warrant was issued, and officers executed the warrant at Ealy's home.

23.     While executing the warrant, officers found cell phones; large, empty vacuum sealed bags; four large vacuum sealed bags with a green leafy substance inside; bundles of U.S. currency bound together with rubber bands; a digital scale; marijuana residue; a digital money counter; jewelry; a Rolex Oyster watch near the digital scale; and an open cardboard box near the digital scale with a clear plastic bag with a green leafy substance inside.

24.     The law enforcement officers seized the cell phones, jewelry, watch, and other items as evidence or property subject to forfeiture.

25.     Photographs of the Rolex Oyster watch and jewelry that were seized by the DEA are depicted here:





26.     Photographs of Ealy wearing the Rolex Oyster watch and jewelry, including while he was with Valeria Gallegos, his girlfriend/fiancée, are depicted here:



27.     Following his arrest on July 6, 2023, Ealy was named in a three-count indictment on August 2, 2023, in case number 3:23-CR-00316-S in the Northern District of Texas.

28.     The indictment against Ealy included a charge for interstate travel or transportation in aid of racketeering enterprises, specifically a business enterprise involving illegal trafficking of marijuana.

29.    In the criminal case against him, Ealy pled guilty to the charge of interstate travel or transportation in aid of racketeering enterprises.

30.    In his criminal case, Ealy admitted that he used his checking and/or savings accounts at financial institutions to receive and transfer funds earned from his illegal marijuana sales.

31.    In his criminal case, Ealy agreed that the Defendant Property—the Rolex Oyster watch and jewelry seized from his home on July 6, 2023—is subject to forfeiture, and he agreed to not contest or challenge its forfeiture.

### FIRST CAUSE OF ACTION
**21 U.S.C. § 881(a)(6)**
**(forfeiture of property related to drug trafficking)**

32.    The United States of America reasserts all allegations previously made.

33.    Under 21 U.S.C. § 881(a)(6), "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of" 21 U.S.C. § 801 *et seq.* are subject to forfeiture.

34.    Under 21 U.S.C. § 841(a), it is "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." An attempt or conspiracy to do the same also is prohibited by 21 U.S.C. § 846.

35.     As set forth above, the Defendant Property is "other things of value" furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846. This property is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

<u>**SECOND CAUSE OF ACTION**</u>
**18 U.S.C. § 981(a)(1)(C)**
**(forfeiture related to violation of the Travel Act)**

36.     The United States of America reasserts all allegations previously made.

37.     Under 18 U.S.C. § 981(a)(1)(C), any property that constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity," or a conspiracy to commit such offense, is subject to forfeiture to the United States of America.

38.     Under 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1), interstate travel or transportation in aid of racketeering enterprises in violation of 18 U.S.C. § 1952 is a "specified unlawful activity."

39.     18 U.S.C. § 1952(a) prohibits, among other things, any individual who uses "any facility in interstate or foreign commerce, with intent to–"

> (1) distribute the proceeds of any unlawful activity; or
>
> . . .
>
> (3) otherwise promote, manage, establish, carry on, or
> facilitate the promotion, management, establishment, or
> carrying on, of any unlawful activity

from thereafter performing or attempting to perform an act described in subparagraph (1)

or (3) above.

40.     18 U.S.C. § 1952(b) specifically includes within the definition of "unlawful activity" "any business enterprise involving . . . narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act)."

41.     As set forth above, the Defendant Property is property that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1952. This property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(l)(C).

## **REQUEST FOR RELIEF**

WHEREFORE, the United States of America respectfully asserts that the Defendant Property is forfeitable to the United States of America under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

The United States of America further requests:

A.     That, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(3)(b), the Clerk of the Court issue a Summons and Warrant of Arrest *in Rem* as to the Defendant Property;

B.     That Notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property;

C.     That a Judgment of Forfeiture be decreed against the Defendant Property;

D.      That, upon the issuance of a Judgment of Forfeiture, the United States

Marshals Service or its delegate be able to dispose of the Defendant

Property according to law; and

E.      That the United States of America receives its costs of court and all

further relief to which it is entitled.

DATED this 12th day of November 2024.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY


___/s/ John Penn_____
JOHN PENN
Assistant United States Attorney
Indiana Bar No. 28722-29
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: john.penn@usdoj.gov

ATTORNEY FOR PLAINTIFF

## VERIFICATION

I am a Task Force Officer with the Drug Enforcement Administration ("DEA"). As a Task Force Officer with the DEA, my duties and responsibilities include participating in the investigation and prosecution of persons who violate federal laws.

I have read the contents of the foregoing Verified Complaint for Forfeiture *In Rem* and verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements contained therein are true and correct to the best of my knowledge and belief.

Executed this 12th day of November 2024.


_____*Eric LaCross*_____
Task Force Officer Eric LaCross
Drug Enforcement Administration